| .PER CURIAM.
On application of the plaintiffs, we granted writs in this case intending to address an issue resolved differently by two appellate courts. That issue was whether a medical malpractice plaintiff may file a request for a medical review panel at any time during the pendency of a suit against tort defendants who were alleged to be solidarily liable with the medical malpractice defendants against whom the request is filed. The plaintiffs argued in their writ application that the Louisiana Fifth Circuit Court of Appeal’s finding in this case,[1] that their medical malpractice claim had prescribed, conflicts with the decision of the Louisiana Second Circuit Court of Appeal in Coleman v. Acromed Corp., 32-590 (La.App. 2 Cir. 12/15/99), 764 So.2d 81, writ denied, 2000-0422 (La.3/31/00), 759 So.2d 73.
Our review of the record in this case revealed, however, that no express allegation of solidary liability has been asserted by the plaintiffs. Moreover, the dramatic differences between the plaintiffs’ allegations concerning the medical malpractice defendant and their allegations concerning the only defendant remaining | Jn the case at the time the request for medical review panel was filed, preclude any legal finding *1290 of solidarity between the two defendants.[2] Thus, the question we anticipated addressing is not posed in this ease. Accordingly, the order granting writs of certiorari is recalled as improvidently granted.

. Schulingkamp v. Ochsner Clinic, 01-1137 (La.App. 5 Cir. 3/13/02), 813 So.2d 524.

. Concerning the medical malpractice defendant, the plaintiffs alleged liability for the unauthorized harvesting of organs from their decedent. Concerning the other defendant, the plaintiffs alleged liability for shooting their decedent.